JUSTICE GRAY,
specially concurring.
I concur in the Court’s opinion on issues one and two and specially concur on issues three and four.
With regard to issue three, which relates to the District Court’s failure to instruct on proximate cause, I agree with the result the Court reaches on the issue and with most of its discussion of our case law and other authorities vis-a-vis foreseeability as an element of *376 proximate cause. My one disagreement with the Court in this regard is in its interpretation of § 27-1-317, MCA. I do not read the statute as precluding the consideration of foreseeability as part of causation. Conversely, however, the statute certainly does not require us to consider foreseeability in analyzing causation. Thus, I am persuaded by the remainder of the authorities cited by the Court that we erred in doing so in Kitchen Krafters where no intervening cause issue required its inclusion.
With regard to issue four, whether the hospital was entitled to offset the VA benefits Ida Busta received against the wrongful death damages awarded, I concur in the Court’s opinion. I specially concur only to add that the hospital prepared the Special Verdict which was submitted to the jury and which rendered it impossible for the District Court to calculate whether any offset was authorized (even assuming that the VA benefits met the statutory definition of collateral source). If the hospital wanted to assert entitlement to the offset, it was incumbent upon the hospital to structure a verdict form which would make such a calculation possible.